UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUGAR RAY LEWIS (#110697)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 09-126-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 26, 2009.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUGAR RAY LEWIS (#110697)

VERSUS                                                    CIVIL ACTION

BURL CAIN, ET AL                                          NUMBER 09-126-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted filed on behalf of Burl Cain. Record document number 10. The motion is not opposed.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Sgt. Carlos Pennywell and Sgt. Clarence Harris. Plaintiff alleged that on April 10, 2007, his constitutional rights were violated when he was denied medical treatment following an attack by a fellow inmate.

Warden Cain[1] moved to dismiss the complaint for failure to state a claim upon which relief can be granted under to Rule

---

[1] Carlos Pennywell and Clarence Harris were not served with the summons and complaint and did not participate in the defendant's motion to dismiss. A review of Remarks section of the Process Receipt and Return Form USM-285 showed that Pennywell is no longer employed by the Department of Corrections and Harris resigned. Plaintiff is placed on notice that defendants Pennywell and Harris will be dismissed pursuant to Rule 4, Fed.R.Civ.P., unless the plaintiff provides an address where they can be served with the complaint.

12(b)(6),Fed.R. Civ. P.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[2] Complaints need not anticipate, and attempt to plead around, potential affirmative

---

[2] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint. 127 S.Ct. at 1965. In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation. This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson.*

defenses. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1924, 64 L.Ed.2d 572 (1980).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (quotation marks, citations, and footnote omitted).

Plaintiff alleged that on April 10, 2007, after he finished showering, Sgt. Pennywell restrained him and ordered him to return to his cell. Plaintiff alleged that while walking down the tier unescorted, Sgt. Pennywell yelled "here comes the rat, get his bitch ass." Plaintiff alleged that Sgt. Pennywell opened inmate Stoffa's cell door, Soffa exited his cell and began attacking the

plaintiff.  Plaintiff alleged that he was kicked and punched by Soffa as Sgt. Pennywell watched.  Plaintiff alleged that Sgt. Pennywell then came down the tier and stopped the attack.  Plaintiff alleged that Sgt. Harris came down the tier and told other inmates to deny the incident had occurred.  Plaintiff alleged that he asked to speak to a ranking officer and a social worker.  Plaintiff alleged the emergency medical technician who examined him following the incident was told by the defendants to not treat the plaintiff's injuries.

Plaintiff named Warden Burl Cain as a defendant but alleged no facts against him which rise to the level of a constitutional violation.  Plaintiff conceded that Warden Cain was not directly involved in the incident.[3]

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  Plaintiff's allegation that Warden Cain is responsible for the actions of his subordinates is insufficient to state a claim under § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

---

[3] Complaint, at p. 5.

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the defendant's motion to dismiss be granted and the claims against him be dismissed.

Baton Rouge, Louisiana, May 26, 2009.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE